RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 MAY 19 P 3: 49

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shawn Wright, #270520, ) | C. A. No. 2:09-2714-MBS-RSC |
| ) | |
| Petitioner, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden, Lee Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner represented by counsel is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on February 4, 2010. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

Petitioner, Shawn Wright, is currently confined at the Lee Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Georgetown County. Petitioner was indicted by the Georgetown County Grand Jury during the June 2000 term of the Court of General Sessions for Murder, Armed Robbery, Possession of a Firearm during the Commission of Violent Crime, and Criminal Conspiracy (2000-GS-22-499). (App. 454-55). Petitioner was represented by Reuben Goude, Esquire. On October 31-November 1, 2000, Petitioner and his co-defendant, Derrick Singleton, were tried by jury and convicted on all charges. (App. 1-445). The

Honorable Sidney T. Floyd, Circuit Court Judge, sentenced Petitioner to life for the murder conviction, twenty-five (25) years for armed robbery, five (5) years for criminal conspiracy, and no sentence for the possession of a firearm during the commission of a violent crime. (App. 451-52).

Petitioner timely filed a Notice of Appeal and was represented by Robert M. Dudek, Esquire. Dudek filed a Final <u>Anders</u> Brief of Appellant in which he argued that the judge erred by allowing inmate Arthur Niles to testify that co-defendant Singleton told him, while they were incarcerated after the murder, that Petitioner participated with him in the murder in that Singleton's statements to Niles were not made in furtherance of the conspiracy and were not admissible against Petitioner under <u>State v. Anders</u>. Petitioner also filed a <u>pro se</u> Brief of Appellant in which he argued the trial judge erred in denying his directed verdict motions because there was insufficient proof that he was guilty of murder, armed robbery and criminal conspiracy; the trial judge erred by allowing the solicitor to ask a leading question of a key witness which improperly bolstered the credibility of that witness; the prosecutor's closing arguments were so prejudicial and inflammatory that it denied Petitioner due process and a fair trial; the judge erred in constructively amending Petitioner's indictment where he erroneously charged the jury on aiding and abetting when the

indictment charged Petitioner with conspiracy; the allowance of the alternate jury to remain in the jury room during deliberations denied Petitioner a fair trial; and the trial judge erred in denying the defense's motion to sever and to protect Petitioner's constitutional right to confront witnesses against him by allowing the testimony of Arthur Niles to be introduced into evidence.

On August 28, 2002, the South Carolina Court of Appeals filed an unpublished opinion dismissing Petitioner's appeal. (App. 456-57). The Remittitur was issued on September 30, 2002.

Petitioner filed an Application for Post-Conviction Relief on March 21, 2003, (2003-CP-22-0225), alleging ineffective assistance of trial counsel and ineffective assistance of appellate counsel. (App. 458-65). Specifically, Petitioner asserted trial counsel was ineffective for failing to object to the State's opening statement that both Petitioner and his co-defendant began doing rap songs about how the deceased was killed; failing to investigate third party involvement; failing to object to Solicitor's leading questions of a State's witness regarding Petitioner's demeanor; failing to object to the Solicitor's leading question(s) of a key witness, which, improperly bolstered the credibility of said witness; failing to object to the prosecution insinuating to the jury the existence of evidence not in the record; failing to object to the improper

insertion of "killing of Terrance Sargent" in the record; failing to object to witnesses' comments that improperly brought in Petitioner's prior criminal history; failing to object to witness' testimony that he (witness) knew Petitioner from previous "things that he (Petitioner) had done;" failing to object to Solicitor's leading questioning of State's witness, Joseph Allen; failing to object to the solicitor's improper comments during closing argument; failing to file a "Motion to Sever" application due to conflicting and antagonistic defenses; failing to object to the stipulation that Petitioner and co-defendant met and were together in Myrtle Beach, South Carolina on the dates of September 15, 1998, through June 23, 1999; failing to object to the trial judge's charge on Aiding and Abetting; and failing to ask the trial judge prior to reading the verdict, to question the jurors regarding any premature deliberations. (App. 460-61). Petitioner also asserted appellate counsel was ineffective for failing to argue an issue raised on direct appeal in the final <u>Ander's</u> brief as a meritorious issue. (App. 461). The State filed its Return on April 23, 2004. (App. 466-70).

An evidentiary hearing was held in the PCR Action on September 20, 2004, before the Honorable B. Hicks Harwell, Circuit Court Judge. (App. 471-527). Petitioner was present, represented by Benjamin H. Culbertson, Esquire. <u>Id.</u> On October

27, 2004, the PCR Court filed an Order denying Petitioner's application for post-conviction relief. (App. 528-34).

Petitioner timely filed a Notice of Appeal. On Appeal, Petitioner was initially represented by Aileen P. Clare, Assistant Appellate Defender with the South Carolina Office of Appellate Defense. Appellate counsel moved to have outside counsel appointed because of the conflict of interest that resulted from Petitioner asserting ineffective assistance of appellate counsel against another attorney in the South Carolina Office of Appellate Defense in his post-conviction relief action. By Order of the South Carolina Supreme Court filed March 22, 2005, Benjamin H. Culbertson, Esquire, was appointed to represent Petitioner in his appeal. (App. 545-47). In an Order of Dismissal filed July 8, 2005, Petitioner's post-conviction relief appeal was dismissed by the South Carolina Supreme Court. In the Order, the Supreme Court stated that due to the failure of Culbertson on behalf of Petitioner to timely serve and file the petition for Writ of Certiorari and Appendix in the above matter, as provided for in Rule 227(c) of the South Carolina Appellate Court Rules, the Petition was dismissed.

The Remittitur was issued on July 26, 2005. (App. 552). On August 3, 2005, Culbertson filed a Petition to Withdraw Remittitur and Order of Dismissal. By Order dated August 25, 2005, the South Carolina Supreme Court denied the motion. (App.

554-555). It appears that Petitioner did not know of the appointment of Culbertson, and the dismissal of his Petition for a Writ of Certiorari from the denial of PCR relief until Aileen P. Clare responded to Petitioner's letter to her dated September 2, 2005, wherein he sought information about the status of his Petition. Clare advised Petitioner "to file a successive PCR application alleging deprivation of his PCR appeal rights under Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991)."

On October 17, 2005, Petitioner did file a successive PCR application (2005-CP-22-1081), asserting he was denied his right to perfect his appeal in case No: 2003-CP-220-225. (App. 535-59). The State filed a Return and Motion to Dismiss on or about February 24, 2006, and sought dismissal of the application as untimely and successive. (App. 560-65). However at the evidentiary hearing held before the Honorable Steven H. John, Circuit Court Judge, on January 16, 2007, the state conceded that the Petitioner did not knowingly waive his right to an appeal from the denial of PCR. (App. 566-71). On February 21, 2007, the post-conviction relief court filed an Order of Dismissal but affirmatively determined that the petitioner did not freely and voluntarily waive his appellate rights and found that the petitioner was entitled to petition the South Carolina Supreme Court for review of his PCR issues pursuant to Austin v. State. (App. 574).

Petitioner timely filed a Notice of Appeal on March 15, 2007. On appeal, Petitioner was represented by Katherine H. Hudgins, Esquire, who filed a Petition for Writ of Certiorari in which Petitioner argued that the PCR judge correctly found that Petitioner was entitled to a belated review pursuant to Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991), because Petitioner did not knowingly and intelligently waive his right to appellate review of the previous PCR order denying relief. Counsel for Petitioner also filed a Johnson Petition for Writ of Certiorari in which she argued the PCR judge erred in refusing to find counsel ineffective for failing to object and ask for a curative instruction when a witness made reference to the defendant and co-defendant being in jail together.

Petitioner also filed a pro se Petition for Writ of Certiorari in which he argued that the PCR court erred in refusing to find counsel ineffective for failing to object and ask for a curative instruction when evidence of Petitioner's prior bad act came before the jury; the PCR Court erred in refusing to find counsel ineffective for failing to object to prosecutor's improper comments during closing argument; and the PCR Court erred in denying Petitioner's allegation that appellate counsel on direct appeal was ineffective in failing to properly brief and argue an issue raised on direct appeal as a meritorious issue.

7

In an Order filed July 11, 2008, the South Carolina Supreme Court transferred Petitioner's post-conviction relief appeal to the South Carolina Court of Appeals. In an Order filed April 29, 2009, the South Carolina Court of Appeals granted belated review, dispensed with further briefing, and proceeded with a belated review of Judge Harwell's order denying Petitioner's first PCR application. The Court of Appeals denied the petition and granted counsel's request to withdraw. The Remittitur was issued on May 18, 2009.

This petition followed on October 15, 2009[1].

The following exhibits have been made part of the file here:

    1.    Appendix, Honorable Steven H. John, Circuit Court Judge

    2.    Notice of Appeal, Direct Appeal

    3.    Final <u>Anders</u> Brief of Appellant

    4.    Pro se Brief of Appellant

    5.    Letter dated November 13, 2001, filed by South Carolina Attorney General's Office in lieu of formal Brief of Respondent

    6.    South Carolina Court of Appeals Unpublished Opinion

    7.    Remittitur, September 30, 2002

    8.    Notice of Appeal, PCR Appeal

---

[1] Pursuant to <u>Houston v. Lack</u>, 477 U.S. 266, 270-71 (1988), a prisoner's habeas pleading is filed at the moment of delivery to prison authorities for forwarding to the district court and Petitioner has been given the benefit if that holding.

9. Petition for Writ of Certiorari

10. <u>Johnson</u> Petition for Writ of Certiorari Pursuant to Austin v. State

11. Letter dated December 28, 2007, filed by South Carolina Attorney General's Office in lieu of formal Return to Petition for Writ of Certiorari and <u>Johnson</u> Petition for Writ of Certiorari Pursuant to Austin v. State

12. Pro Se Petition for Writ of Certiorari

13. South Carolina Supreme Court Order Transferring Cases to South Carolina Court of Appeals

14. South Carolina Court of Appeals Order

15. Remittitur

16. Motion for Severance

On February 4, 2010, the respondent filed a summary judgment motion. Petitioner was provided a copy of the motion and on February 5, 2010, he was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). On March 5, 2010, and again on April 7, 2010, the petitioner was granted extensions of time to file a response to respondent's motion. The petitioner filed a response to the motion on April 30, 2010. Hence it appears consideration of the motion is appropriate.

**FEDERAL HABEAS GROUNDS FOR RELIEF ASSERTED**

In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Petitioner makes the following claims:

> **Ground One:** THE PCR COURT ERRED IN REFUSING TO FIND COUNSEL INEFFECTIVE FOR FAILING TO OBJECT AND ASK FOR A CURATIVE INSTRUCTION WHEN EVIDENCE OF PETITIONERS [sic] PRIOR BAD ACT CAME BEFORE THE JURY.
>
> Supporting Facts: MALCOM CLARKE testified before the jury for the state. When asked was he introduced to petitioners [sic] co-defendant, Clarke testified that petitioner introduced him to Singleton as "His homeboy. We was locked up together." App. 220, lines 21-24. Clarke also said he like [sic] to write rap songs "While I was locked up too." There was no objection and no motion for a mistrial. Petitioner did not testify or place his character at issue.
>
> **Ground Two:** THE PCR COURT ERRED IN REFUSING TO FIND COUNSEL INEFFECTIVE FOR FAILING TO OBJECT TO PROSECUTOR'S IMPROPER COMMENTS DURING CLOSING ARGUMENT.
>
> Supporting Facts: Solicitor Ms. Elise Crosby gave her final summation to the jury. (App. pp.389-402) During which she stated, "<u>you</u> are driving <u>your</u> car, <u>you've</u> got these guys out looking for a jutt, or somethig [sic] like this, in the middle of the night with a gun on <u>you</u>. <u>Think about that</u>! Trial counsel failed object to comments where jury, as judges or facts, was directed by solicitor to contemplate personal emotions that would coincide with those of the victim in this case.
>
> **Ground Three:** THE PCR COURT ERRED IN DENYING PETITIONER'S ALLEGATION THAT APPELLATE COUNSEL ON DIRECT APPEAL WAS INEFFECTIVE IN FAILING TO PROPERLY BRIEF AND OR ARGUE ISSUE RAISED ON DIRECT APPEAL AS A MERITORIOUS ISSUE.
>
> Supporting Facts: Appellate counsel Mr. Robert M. Dudek submitted an <u>Anders</u> brief as opposed to the counsel and merits brief required by <u>Douglas</u>.

Where the statement of issue on appeal was a
question whether the statement presented by
state's witness Arthur Niles was made in
furtherance of the conspiracy and was petitioner
denied his constitutional right to be confronted
with the witnesses against him.

**Ground Four:** TRIAL COURT ERRED BY ALLOWING INMATE
ARTHUR NILES TO TESTIFY THAT CO-DEFENDANT
SINGLETON TOLD HIM IN JAIL THAT APPELLANT
PARTICIPATED WITH HIM IN THE ROBBERY AND MURDER,
SINCE THIS STATEMENT WAS NOT MADE IN FURTHERANCE
OF THE CONSPIRACY.
Supporting Facts: Arthur Niles testified for the
state.(App. pp. 206-220) When the state went to
present the testimony of Arther Niles, an in
camera hearing was held.(App.pp.193-206). Niles
testified to statements related to him by
petitioner's about petitioner. Trial counsel
argued that the statements co-defendant Singleton
related to Niles about petitioner were not
admissible since they were not made in furtherance
of the conspiracy, and were prejudicial and
heresay.[sic] Trial counsel's objection was
overuled[sic] by the trial court. (App.p.205,
lines 1-7). The state then went to present the
testimony of Arthur Niles.

**Ground Five:** THE ALLOWANCE OF THE ALTERNATE JUROR
TO REMAIN IN THE JURY ROOM DURING DELIBERATIONS
DENIED APPELLANT A FAIR TRIAL.

Supporting Facts: The alternate juror was
instructed by the trial court to enter the jury
room prior to the exhibits being passed into the
jury room and deliberation and remained in the
jury room until a verdict was reached.(App.pp.443-
444).

**Ground Six:** TRIAL COURT ERRED IN DENYING THE
APPELLANT'S MOTION TO SEVER AND TO PROTECT
APPELLANT'S CONSTITUTIONAL RIGHT TO CONFRONT HIS
ACCUSERS.

Supporting Facts: On October 18, 2000 a motion
for severance was filed in the Georgetown County
Clerk of Court by petitioner's trial counsel on
the grounds that petitioner and co-defendant had

11

contradictory, mutually exclusive, antagonistic
defenses. Co-defendant Singleton made statements
to the police and other person(s). A motion in
limine was filed to repeat severance motion
(App.pp.15-16) as a preventive measure from the
state admitting any statements or testimony from
any source which is a statement by co-defendant
implicating the petitioner. The severance motion
was denied and the state presented prejudicial and
heresay[sic] testimony at the joint trial.

**Ground Seven:** TRIAL COURT ERRED IN DENYING
APPELLANT'S MOTION FOR A DIRECTED VERDICT.
Supporting Facts: TRIAL COURT MOVED FOR A NEW
TRIAL ON THE GROUNDS OF INSUFFICIENCY OF THE
EVIDENCE.APP.p.446 LINES 10-14. EXPERT STATE
WITNESSES PRESENTED NON-INCRIMINATING EVIDENCE.
STATE PRESENTED NO EYE WITNESSES, NO CONCLUSIVE
DNA, FINGER, PALM OR FOOT PRINTS. THE STATE'S CASE
RESTED SOLEY [sic] ON LAY WITNESSES THAT ALLEGEDLY
HEARD PETITIONER "BRAG" ABOUT THE CRIME.

**Ground Eight:** TRIAL COURT ERRED IN CONSTRUCTIVELY
AMENDING APPELANT'S [sic] INDICTMENT WHEN HE
ERRONEOUSLY CHARGED THE JURY ON AIDING AND
ABETTING.

Supporting Facts: TRIAL COURT CHARGED JURY ON
AIDING AND ABETTING, "THE HANDS OF ONE IS THE
HANDS OF ALL," APP. p.430 LINES 5-18. PETITIONER
IS CHARGED WITH CONSPIRACY: NOT AIDING AND
ABETTING.

### DISCUSSION

A review of the record and relevant case law indicates that the petition should be dismissed as untimely.

The provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. <u>Lindh v. Murphy</u>, 117 S.Ct. 2059 (1997). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

court." 28 U.S.C. § 2244(d)(1). "The 1 year limitation period of Section 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments." Duncan v. Walker, 533 U.S. 167, 179, 121 S.Ct. 2120 (2001). The limitations period begins to run "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction. 28 U.S.C. §2254(d)(2).

An application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). The form of the document, the court and office in which it must be filed, and the requisite filing fee are examples of such rules governing filings. Id. A court does not look to the merits of the underlying claims to determine whether an application was "properly filed." Id. at 9.

Here, Petitioner's conviction was final when the Remittitur was issued by the Court of Appeals from Petitioner's direct appeal on September 30, 2002. Petitioner had 365 days from September 30, 2002, in which to file his habeas action.

The statute of limitations began to run on October 1, 2002, and continued to run until March 21, 2003, the date Petitioner

13

filed his first application for PCR. One hundred seventy-two (172) days elapsed in that period. The statute of limitations was tolled during the pendency of the Petitioner's first PCR action which began on March 21, 2003, and ended when the Remittitur was issued on July 26, 2005. Thus, the statute of limitations began to run again on July 27, 2005, the day after the Remittitur was issued. Petitioner had one hundred ninety three (193) days from July 26, 2005, left to file his federal habeas corpus petition.

The statute of limitations ran for another eighty-three (83) days until Petitioner filed his second application for PCR on October 17, 2005. The statute of limitations was again tolled during the pendency of the petitioner's second PCR action until the Remittitur was issued on May 18, 2009. At that point, Petitioner had one hundred ten (110) days left in which to file his federal habeas petition or until September 8, 2009[2]. The instant petition was filed on October 15, 2009, thirty-nine (37) days beyond the AEDPA limitations period.

All of Petitioner's claims are barred under the AEDPA's statute of limitations unless Petitioner prevails on his argument that equitable tolling of the limitations period applies to his

---

[2] The time would have expired on September 5, 2009, which was Saturday of Labor Day weekend. However, under Fed.R.Civ P. 6(a)(1)(C), Petitioner could have timely filed on the next business day, Tuesday, September 8, 2009.

14

otherwise untimely claims because he did not know that his Petition for a Writ of Certiorari had been denied and the Remittitur had issued on July 26, 2005. He claims "that through no fault of his own [he] lost a total of eighty-three (83) days in between the dates of July 26, 2005, through October 17, 2005."

Although the United States Supreme Court has not yet squarely held that equitable tolling is available under §2244(d)[3], it is well established in the Fourth Circuit that this one-year period may be subject to equitable tolling under very limited circumstances. See, Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc); Harris v. Hutchinson, 209 F.3d 325, 328-30 (4th Cir. 2000) (recourse to equitable tolling must be guarded and infrequent). It is also settled in this circuit that a petitioner seeking to invoke equitable tolling must establish that the government's wrongful conduct prevents a Petitioner from filing a timely petition or when extraordinary circumstances, beyond the petitioner's control and external to his own conduct, make timely filing impossible. Id., see also Rouse, 339 F.3d at 247; Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

---

[3] See Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (assuming without deciding that equitable tolling is available under § 2244(d)); Pace v. DiGuglielmo, 544 U.S. 408 at 418 n. 8 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to [§ 2244(d)(2)'s] statute of limitations.").

Importantly, the Fourth Circuit has cautioned that equitable tolling of the limitations period is rarely warranted and is to be reserved "for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Equally important is the settled principle that a petitioner's own lack of diligence in pursuing his federal remedy may preclude the application of equitable tolling. Spencer, 239 F.3d at 630.

Here, Petitioner's lawyer's failure to communicate to the petitioner that his petition for a writ of certiorari from the denial of PCR had been denied does not serve as a ground for equitable tolling. Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) Fn. 11 (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling" (internal quotation marks omitted)); Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); Fierro v. Cockrell, 294 F.3d 674, 683 (5th Cir. 2002); Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) ("[A]ttorney error [is] inadequate to create the 'extraordinary' circumstances equitable tolling requires."); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) ("We conclude that the

16

miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling."); Gilbert by Gilbert v. Sec. of Health & Human Servs., 51 F.3d 254, 257 (Fed. Cir. 1995) ("The negligence of Gilbert's attorney does not justify applying equitable tolling.").

Even if the court were to accept Petitioner's proposition for some or all of the eighty-three (83) day period after the May 18, 2009, Remittitur, Petitioner has presented no circumstances, and certainly no extraordinary circumstances, to explain why it was impossible for him to file his § 2254 petition within the one hundred ten (110) days left after the May 18, 2009, Remittitur.

Petitioner has not carried his high burden to show that he has been pursuing his rights diligently, and that some extraordinary circumstance external to his own conduct stood in his way and prevented timely filing. As such, he is not entitled to equitable tolling.

The respondent pled and argued as a basis for summary judgment the violation of the AEDPA one-year statute of limitations, § 2244(d)(1)(A), and, on the record before the court, it appears that the respondent is correct.

## CONCLUSION

Accordingly, for the aforementioned reasons it is recommended that the petition be dismissed as untimely and this matter ended.

Respectfully Submitted,

*Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

May 19, 2010

**Notice of Right to File Objections to Report and Recommendation**

   The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

   Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

<pre>
               Larry W. Propes, Clerk
            United States District Court
                    P.O. Box 835
            Charleston, South Carolina 29402
</pre>

   **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).